F I L E D
United States Court of Appeals
Tenth Circuit

OCT 20 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HENRY KLEIN (Realigned as
Plaintiff); GUR SHOMRON;
AMIRAM GRYNBERG;
DEFENDISK, LTD., an Israeli
corporation,

        Plaintiffs-Appellees,

v.

JACK J. GRYNBERG, (Realigned
as Defendant),

        Defendant-Appellant,

    and

DEFENDISK, INC., a Colorado
corporation; GRYNBERG
PETROLEUM COMPANY,
a Colorado corporation,

        Defendants.

No. 96-1255
(D.C. No. 84-S-1593)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Jack J. Grynberg appeals from the district court's remitted order of punitive damages. This remittitur followed our decision in a previous appeal in this case, Klein v. Grynberg, 44 F.3d 1497 (10th Cir.), cert. denied, 116 S. Ct. 58 (1995). Defendant contends that the district court's remitted award denied him both substantive and procedural due process. He also takes issue with this court's amendment of its mandate in the previous appeal to provide for interest on the remitted award from the date of the original judgment. See Klein v. Grynberg, Nos. 92-1232, 92-1233 (10th Cir. Aug 6, 1996) (order amending mandate), cert. denied, 117 S. Ct. 738 (1997). We affirm on all issues presented.

The underlying facts of this case are set out in our published decision in the previous appeal. See Klein, 44 F.3d 1497. After the jury awarded plaintiffs $1.00 each on their claims for breach of fiduciary duty, and $3 million in punitive damages, the district court struck the punitive damages award. We reversed the district court's decision, because we found that "a sizable exemplary award was

-2-

warranted." Id. at 1505. Acknowledging that "the $3,000,000 figure seem[ed] excessive," however, we ordered the district court to grant a remittitur in an appropriate amount. Id.

On remand, the district court remitted the jury's award by eighty percent, to $600,000. This remitted damage award clearly is supported by the record. Moreover, the remitted award clearly passes constitutional muster under the Supreme Court's analysis in BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996), even considering our order requiring calculation of interest from the date of the original judgment.

The judgment of the United States District Court for the District of Colorado is therefore AFFIRMED. To the extent defendant's appeal seeks reconsideration or modification of our previous order amending the mandate in Nos. 92-1232 and 92-1233, we AFFIRM our previous order in that case. Plaintiffs' motion for sanctions, and all other outstanding motions, are DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge